**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

<div style="float:right; border:1px solid;">ELECTRONICALLY<br>FILED<br>Jun 02 2023<br>U.S. DISTRICT COURT<br>Northern District of WV</div>

**MAGGIE ADAMS,**

       **Plaintiff,**

**v.**                                      **Civil Action No.**  **1:23-CV-50 (Kleeh)**

**OFFICER THRASHER**
**and JOHN/JANE DOE(S)**

       **Defendants.**

## COMPLAINT

Comes now, Maggie Adams, by counsel, Stroebel & Stroebel, P.L.L.C. and for her complaint, states as follows:

1.      Plaintiff, Maggie Adams, was stopped on or about June 5, 2022, by the City of Parkersburg Police Department. Plaintiff was a resident of West Virginia at the time of her illegal stop. Plaintiff's claims are made pursuant to 42 USC § 1983 as well as state common/statutory laws. When applicable, plaintiff seeks damages up to the amount of insurance coverage provided to the defendants.

2.      The City of Parkersburg employed the individual officers, Defendant Officer Thrasher and Doe(s) that stopped plaintiff and subsequently subjected her to a search that violated her right to be protected from unlawful search and seizure. Defendants are being sued in their individual capacities.

3.      Upon information and belief, Defendants, Officer Thrasher and John/Jane Doe(s) were all employed by the City of Parkersburg and were acting under the color of state law at the time plaintiff was stopped and searched without just cause and in violation of plaintiff's 4th Amendment rights. Specifically, defendants inappropriately touched plaintiff by rubbing their

hands over plaintiff's behind.  The touching was sexual in nature.

4.      Plaintiff asserts that defendants did not have probable cause to stop plaintiff, no legal basis to handcuff/seize plaintiff, no legal basis to search plaintiff and no legal basis to touch plaintiff in a sexual manner.

5.      The conduct of defendants was not based on any legal violation or infraction but was done in response to a comment made by plaintiff.  Defendants had released plaintiff and told her she could go when she made a comment that made an officer mad.  The officer then threatened to pull her out of the car although plaintiff had committed no crime or infraction.  Defendants then seized plaintiff without cause and placed her in handcuffs.

6.      Defendants' conduct was a violation of both state and federal law and has caused plaintiff sever emotional distress and physical injury.

## COUNT I - VIOLATIONS OF FOURTH AND FIRST AMENDMENTS TO UNITED STATES CONSTITUTION – 42 USC § 1983

7.      Plaintiff re-alleges and incorporates paragraphs 1 through 6 above as if fully set forth herein.

8.      The individual defendants, as set forth hereinabove, illegally stopped, detained, handcuffed, searched and battered Plaintiff when they touched her behind and detained her/falsely arrested her without just cause.  All of the above was unwarranted, unnecessary and unjustified.  Defendants' actions were done to Plaintiff with the intent to inflict unnecessary harm, and humiliation on plaintiff.  Defendants also searched plaintiff's car without just cause but simply because they were made about comments made by the plaintiff.

9.      The force described above as used against Plaintiff by Defendants was in violation of Plaintiff's rights under the Fourth Amendment of the United States Constitution to be free from unreasonable search and seizures and unreasonable intrusions on her bodily integrity.  This

conduct is actionable pursuant to 42 USC § 1983. Defendants' conduct also violated plaintiff's First Amendment rights to free speech.

10.    The searching, touching and detention of Plaintiff by Defendants was excessive, outrageous and an abuse of power in violation of Plaintiff's rights under the Fourth Amendment to be free from such unnecessary and unwarranted force as well as a violation of plaintiff's First Amendment rights. Further, Defendants' acts, as set forth hereinabove, were done while they were acting under the color of state law. Moreover, defendants would have known that their conduct violated plaintiff's constitutional rights when they handcuffed, arrested and touched her in behind without just cause and searched her and her vehicle without just cause.

11.    As a result of the aforementioned, Plaintiff has suffered mental anguish, embarrassment, humiliation, emotional distress, and has otherwise been damaged, with emotional distress, violation of his rights and is therefore entitled to compensatory damages, punitive damages, as well as attorney fees and costs 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

### COUNT II – ASSAULT AND BATTERY

12.    Plaintiff re-alleges and incorporates paragraphs 1 through 11 above as if fully set forth herein.

13.    Defendants at the time of stopping and searching Plaintiff created an apprehension within Plaintiff of immediate physical harm when they handcuffed her without cause. Defendants assaulted and battered plaintiff when they touched her in an inappropriate manner and handcuffed here without any legal reason.

14.    As a result of the aforementioned, Plaintiff has suffered mental anguish, embarrassment, humiliation and has otherwise been greatly damaged, with emotional distress, violation of his rights and is therefore entitled to punitive damages, attorney fees and costs.

## COUNT III – RECKLESSNESS/MALICIOUS CONDUCT

15.    Plaintiff re-alleges and incorporates paragraphs 1 through 14 above as if fully set forth herein.

16.    The individual defendants acted recklessly and/or maliciously when they touched plaintiff in a sexual manner during an unauthorized and illegal search.  Defendants intentionally, wantonly, recklessly and illegally searched plaintiff's vehicle and touched plaintiff's body in a sexual manner during the search.  It is further evident from video footage that defendants were angry with plaintiff as a result of comments she made.  Defendants' response arose out of a malicious intent and not any legal basis.

17.    The conduct of defendants was a clear violation of policy and procedure as well as their duties and is actionable pursuant to W.Va. Code § 29-12A-5(b)(2).

WHEREFORE, for the reasons set forth in this Complaint, and for such other and further reasons as are apparent to this Honorable Court, Plaintiff respectfully requests that judgment be entered in favor of the Plaintiff and against the Defendants and requests that the Court award damages including, but not limited to, physical injury, lost wages, damages for emotional and mental distress and punitive damages, court costs, pre-judgment interest, post-judgment interest, attorney's fees and expenses.

PLAINTIFF DEMANDS A TRIAL BY JURY.

MAGGIE ADAMS,
By Counsel,

/s/ Paul M. Stroebel
Paul M. Stroebel (WVSB# 5758)
Stroebel & Stroebel, PLLC
Post Office Box 2582
Charleston, WV  25329-2582